IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LARRY DAVID DAVIS                                                                                    PLAINTIFF

v.                                           Civil No. 6:19-cv-06048

PROSECUTOR LAKE BADSTON; JUDGE                                                        DEFENDANTS
GREG VARDAMAN; DEPUTY
PROSECUTOR DAN TURNER; and
DETECTIVE BRIAN DANIEL

## REPORT AND RECOMMENDATION

Plaintiff Larry David Davis filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 15, 2019. (ECF No. 1). On May 6, 2019, Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted. (ECF No. 5). In response to this Court's order, Plaintiff filed an amended complaint on May 17, 2019. (ECF No. 8). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") - Delta Regional Unit. His claims in the instant lawsuit are based on his arrest, prosecution, and conviction in Clark County, Arkansas. (ECF No. 8). Plaintiff names Clark County Prosecutor Blake Badston, Judge Greg Vardaman, Deputy Prosecutor Dan Turner, and Lt. Detective Brian Daniel as Defendants.

1

First, Plaintiff alleges Defendants Badston, Vardaman and Turner "while detaining me illegally without a warrant: violated 4th and my 5th and 14th Amendment by holding me without an indictment by a grand jury." (ECF No. 8, p. 4). Plaintiff alleges the Defendants "used a[n] unconstitutional procedure…never present any evidence in order to continue to detain me without evidence in order to put me in a position to plea bargain. I am in prison as a result with 30yr 30yr and 15 concurrent." *Id.*

Next, Plaintiff alleges Defendants Badston, Turner, Daniel and Vardaman "deprived me of my life and liberty without due process of law." (ECF No. 8, p. 5). Plaintiff again states these Defendants used an unconstitutional procedure "to keep holding me in they jail without the Prosecutor having to show that he had no evidence…so that they could put pressure on me and trick me into pleaing right before trial." *Id.*

For his third claim Plaintiff states Defendants Daniel and Badston "illegally arrested [me] then giving my personal information to…Jacksonville Police Dept." (ECF No. 8, p. 6). He goes on to allege "Clark County Prosecutors and Detective [Daniel] framed me and wrongfully convicted me…coerced me into a plea of no contest in order to send me to prison with 30yrs. 30yrs 15yrs running concurrent for a crime that they knew did not happen..." (ECF No. 8, p. 7).[1]

Plaintiff proceeds against all Defendants in their official and personal capacities. He seeks compensatory and punitive damages and injunctive relief. *Id.* (ECF No. 8. pp. 4-6, 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

---

[1] Plaintiff also filed a Supplement to his Amended Complaint on May 23, 2019. (ECF No. 9). Plaintiff referred to this document as a "Brief in support of my 1983 complaint". The Supplement simply reiterates Plaintiff's allegations set forth in his Amended Complaint.

frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Prosecutors Badston and Turner

First, Plaintiff's claims against Defendants Badston and Turner must be dismissed because as prosecutors they are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Plaintiff has failed to allege Defendants Badston and Turner engaged in any conduct other than actions taken in connection with their duties as prosecuting attorneys. Accordingly,

Defendants Badston and Turner are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### B. Judge Vardaman

Defendant Vardaman is a state court judge who presumably presided over Plaintiff's criminal trial. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff has failed to allege any action by Judge Vardaman that was non-judicial or taken without jurisdiction. Accordingly, Defendant Vardaman is immune from suit.

### C. Defendant Detective Daniel

Finally, all of Plaintiff's claims outlined above, including those against Defendant Daniel, are barred by the *Heck* doctrine. 1In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. The *Heck* doctrine has been applied to bar claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 Fed. App'x. 305 (8th Cir. 2002) (unpublished); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

Here, all of Plaintiff's claims are based on an underlying arrest and prosecution for which he was convicted and sentenced. He has not alleged that his conviction was favorably terminated. To the contrary, he acknowledges he is still serving the sentence for the conviction at issue. His claims are therefore *Heck*-barred.

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint against all Defendants be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 28th day of May 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE